UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **REGINALD T MORRIS #1077432** | **CASE NO. 6:19-CV-00528 SEC P** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **DEPUTY SHETTY ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

    Pro se complainant, Reginald T. Morris, an inmate in the custody of the Louisiana Department of Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 24, 2019. Plaintiff is currently incarcerated at the Lafayette Parish Correctional Center (LPCC). He names the following as defendants: Deputy Shetty, 15th Judicial District Court, Judge Marilyn Castle, Lafayette Parish Correctional Center and Sheriffs Office of Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the claims against 15th Judicial District Court, Judge Marilyn Castle, Lafayette Parish Correctional Center

and Sheriffs Office of Lafayette Parish be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted[1].

## *Statement of the Case*

On April 18, 2019, Plaintiff was in the courtroom of Judge Marilyn Castle, 15th Judicial District Courthouse, when he was allegedly assaulted by Deputy Shetty. Plaintiff asserts the following:

> He grabbed my left arm (my bicep), and yanked me onto my feet. (His fingers left marks on my bicep). Then, he grabbed my waist restraints (chains), and while holding me by the arm he began pushing me very hard to the exit. Before exiting he pushed me so hard that I tripped and fell to the floor… Then he yanked me up from the floor by the waist chain. (I was in full restraints.) I could not use my hands to help break the fall. … After exiting the room he continued handling me rough causing me to hit my injured knee (my already injured knee). Then he pushed me down onto a bench.

Rec. Doc. 1, p. 3, ¶ IV.

Plaintiff asked to be taken to the hospital; this request was denied by Shetty and the LPCC Medical Department.

## *Law and Analysis*

### 1. Frivolity Review

Morris has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if

---

[1] Claims against Deputy Shetty will be addressed in a separate ruling.

the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

2. **Defendants**

   a. **LPCC**

Plaintiff has named LPCC as a defendant. However, Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether LPCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity an entity must qualify as a "juridical person." This term is defined by the

Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24.

LPCC is not an entity capable of being sued. LPCC is a parish corrections facility operated by the Sheriff of Lafayette Parish. *Piearson v. Corr. Ctr. Lafayette Parish*, 2006 U.S. Dist. LEXIS 95214, 2006 WL 4012476 (*citing* La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; *Langley v. City of Monroe*, 582 So.2d 367 (La.App.2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.) Accordingly, plaintiff's claims against this non-juridical entity are frivolous and dismissal on that basis is recommended.

### b. Lafayette Parish Sheriff's Office

Morris' claims against the Lafayette Parish Sheriff's Office are subject to dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Lafayette Parish Sheriff's Office is not a separate legal entity capable of being sued. *Lavergne v. Lafayette Parish Sheriff's Office*, 2014 U.S. Dist. LEXIS 30147 (W.D. La. 2014) (*citing See Hicks v. Tarrant County*

*Sheriff's Dep*t., 352 Fed. Appx. 876, 878, 2009 WL 2762378, *1 (5th Cir. 2009)(internal citations omitted).

### c. Judge Marilyn Castle

Plaintiff's claims against Judge Marilyn Castle stem from the fact that she was the presiding judge in the courtroom where Plaintiff alleges he was assaulted and, therefore, arise out of the performance of her judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). As the claims against Judge Castle meet the criteria set forth above, she is immune from suit and claims against her should be dismissed.

### d. 15th Judicial District Court

As previously stated, Louisiana law governs whether the court is an entity which can be sued, i.e. whether it qualifies as a "juridical person." Fed. R. Civ. P. 17(b). Under these guidelines (Fed. R. Civ. P. 17(b) and La. Civ. Code Art. 24), the Fifteenth Judicial District Court is a non-juridical entity and is not capable of being

sued. *Carter v. Sheriff's Office Calcasieu Parish*, 2014 U.S. Dist. LEXIS 7984, *6 (W.D. La. 2014) (*citing Moity v. Louisiana State Bar Asso.*, 414 F. Supp. 180, 182 (E.D. La.1976) ("state courts are not considered 'persons' within the meaning of § 1983."), aff'd, 537 F.2d 1141 (5th Cir.1976). Accordingly, the 15th Judicial District Court should be dismissed.

## *Conclusion*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's claims against 15th Judicial District Court, Judge Marilyn Castle, Lafayette Parish Correctional Center and Sheriff's Office of Lafayette Parish be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time**

**frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 20th day of May, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　**Carol B. Whitehurst**
　　　　　　　　　　　　　　　　　**United States Magistrate Judge**