# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **REGINALD T MORRIS #1077432** | **CASE NO. 6:19-CV-00528 SEC P** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **DEPUTY SHETTY ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Pro se complainant, Reginald T. Morris, an inmate in the custody of the Louisiana Department of Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 24, 2019. Plaintiff is currently incarcerated at the Lafayette Parish Correctional Center (LPCC). He names the following as defendants: Deputy Shetty, 15th Judicial District Court, Judge Marilyn Castle, Lafayette Parish Correctional Center and Sheriff's Office of Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

On April 18, 2019, Plaintiff was in the courtroom of Judge Marilyn Castle, 15th Judicial District Courthouse, when he was allegedly assaulted by Deputy Shetty. Plaintiff asserts the following:

> He grabbed my left arm (my bicep), and yanked me onto my feet. (His fingers left marks on my bicep). Then, he grabbed my waist restraints (chains), and while holding me by the arm he began pushing me very hard to the exit. Before exiting he pushed me so hard that I tripped and fell to the floor… Then he yanked me up from the floor by the waist chain. (I was in full restraints.) I could not use my hands to help break the fall. … After exiting the room he continued handling me rough causing me to hit my injured knee (my already injured knee). Then he pushed me down onto a bench.

Rec. Doc. 1, p. 3, ¶ IV.

Plaintiff asked to be taken to the hospital; this request was denied by Shetty and the LPCC Medical Department.

## **ORDER**

In order to determine an appropriate resolution of plaintiff's complaint,

**THE CLERK IS DIRECTED** to serve a copy of this memorandum order, two (2) summons forms for Defendant Deputy Shetty[1] and one (1) USM-285 form for the Defendant Shetty, upon Plaintiff at his last known address who must then furnish to the

**Clerk of Court, 800 Lafayette Street, Lafayette, Louisiana 70501**

---

[1] Claims against the other named defendants are addressed in a separate ruling.

within thirty (30) days after service of this order, one (1) copy of the complaint [Rec. Doc. 1] and two (2) completed summonses and one (1) completed USM-285 form for the Defendant for service, and that after the foregoing documents have been furnished as aforesaid;

**THE CLERK FURTHER IS DIRECTED** to serve, through the U.S. Marshal, a copy of the complaint and amended complaint, the appropriate summons, and a copy of this memorandum order on the Defendant named above.

**IT IS ORDERED** that Defendant file a response within twenty-one (21) days after the date of service. Defendant shall address whether plaintiff should be required to exhaust administrative remedies, and, if so, whether he has exhausted his administrative remedies prior to filing herein. If Defendant contends that plaintiff failed to exhaust administrative remedies, they are authorized to raise this issue via summary judgment motion as a threshold matter. *See Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Alternatively, if disputed facts preclude Defendant from filing a summary judgment, Defendant may file a motion for an evidentiary hearing to resolve the exhaustion issue before the case proceeds to the merits.

**IT IS FURTHER ORDERED** that the following deadlines be established:

1. Within twenty-one (21) days of Defendant's first appearance (filing of an answer or motion), or within thirty (30) days after service of the summons and complaint if Defendant has made no appearance, Defendant or his counsel shall

provide to plaintiff all medical records, warden's unusual occurrence reports, and all other documents pertinent to the issues in this case, that are in their possession. See Fed.R.Civ.P. 26(a)(1). Defendant or his counsel shall contemporaneously file a copy of these documents under seal with the court, together with a Notice of Compliance attesting to the fact that the requirements of this Order have been met. If plaintiff is not in receipt of these documents within the prescribed time period, plaintiff may file with the court a motion to compel such responses from Defendant. Any such motion must contain a motion and memorandum in support thereof and a proposed order, separately captioned and with a certificate of service stating that a copy has been sent to Defendant by mailing same, via United States mail, to Defendant's counsel.

2. Within ninety (90) days of Defendant's first appearance (filing of an answer or motion), the parties shall complete all discovery. The discovery deadline shall be suspended during the pendency of a motion for summary judgment or evidentiary hearing on the issue of exhaustion.

3. In addition to the mandatory discovery addressed in subsection (1) above, the parties may serve upon one another additional written discovery requests; however, such additional discovery shall be limited to ten (10) interrogatories, five (5) requests for production of documents, and ten (10) requests for admissions. See Fed.R.Civ.P. 33, 34, & 36.

Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the court orders that all discovery requests and responses shall be filed into the record (by sending a copy of same to the Clerk of Court) in addition to being sent simultaneously to the opposing party by placing a copy of same in the United States mail addressed to that party or, where represented, to that party's counsel.

Note: Do not file "motions for discovery," as a motion is not the correct way to obtain discovery. Pursuant to the Federal Rules of Civil Procedure, written discovery (in the form of interrogatories, requests for production of documents, and requests for admissions) should be sent directly to counsel for the opposing party for a response.

In the event that any party believes that it needs additional discovery beyond that allowed by this order, that party shall file a motion with the court requesting such additional discovery. The motion must contain a memorandum in support of the motion, a copy of the additional discovery requested, and a proposed order, all separately captioned and with a certificate of service stating that a copy of same has been sent to the opposing side (either to plaintiff or to Defendants/Defendants' counsel) by mailing same, via United States mail, to plaintiff or to Defendant's counsel, depending upon who filed the motion.

Any motions to compel must comply with the requirements set out above for motions and must be filed prior to the end of the discovery period.

4. Within one hundred and twenty (120) days of Defendants' first appearance, each party shall file one of the following:

a) Motion for Summary Judgment as provided by Rule 56 of the Federal Rules of Civil Procedure, to include material and relevant affidavits, certified records, interrogatories and answers, admissions and depositions, if any, and a supporting memorandum brief; or alternatively,

b) Statement of Issues which shall enumerate each genuine issue of material fact perceived by that party which is relevant to this matter, or state that there are none. This statement will be used by the court to determine the necessity for an evidentiary hearing.

Any party's failure to comply with this order may result in the imposition of sanctions against that party.

THUS DONE in Chambers on this 20th day of May, 2019.

*[signature]*

**Carol B. Whitehurst**
**United States Magistrate Judge**